**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Shane Donnta JONES, also known as Picc, Defendant–Appellant.**

**No. 03–40993.**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided May 25, 2005.

Heather Harris Rattan, Assistant U.S. Attorney, Plano, TX, for Plaintiff–Appellee.

Shane Donnta Jones, Beaumont, TX, pro se.

Before KING, Chief Judge, and JOLLY and CLEMENT, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

PER CURIAM: *

Shane Donnta Jones was convicted pursuant to a guilty plea of conspiring to manufacture, distribute, or possess with the intent to manufacture, distribute, or dispense 50 grams or more of a mixture or substance containing cocaine base and/or 1000 kilograms or more of marijuana and aiding and abetting the same. *See* 18 U.S.C. § 2, 21 U.S.C. §§ 841, 846. He now appeals.

Jones's guilty plea was knowingly and voluntarily entered in compliance with FED. R.CRIM. P. 11. Jones has not shown that the district court erred in imposing his sentence. The district court imposed Jones's sentence in compliance with the requirements of FED. R.CRIM. P. 32, did not err in calculating the quantity of drugs attributable to Jones for sentencing purposes, and did not err by enhancing Jones's offense level under U.S.S.G. § 2D1.1(b)(1) because Jones possessed a dangerous weapon during his offense. *See United States v. Posada–Rios*, 158 F.3d 832, 877–79 (5th Cir.1998); *United States v. Rogers*, 1 F.3d 341, 343–44 (5th Cir. 1993). Finally, Jones has not demonstrated plain error with regard to his argument, raised for the first time on appeal, that his sentence is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court's error in enhancing Jones's sentence under the mandatory sentencing regime in effect at the time after finding facts not admitted by Jones or proven beyond reasonable doubt does not rise to the level of plain error. Nothing in the record indicates that the district court would have imposed a lesser sentence under an advisory sentencing regime rather than a mandatory one. *See United States v. Infante*, 404 F.3d 376 (5th Cir.2005); *United States v. Mares*, 402 F.3d 511, 520–22 (5th Cir.2005), *petition for cert. filed*, No. 04–9517 (U.S. Mar. 31, 2005).

Jones's conviction and sentence are AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.